[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
Defendants have moved to dismiss this commercial summary process action for lack of subject matter jurisdiction. Defendants (hereinafter sometimes "Cafe") claim the Notice to Quit is defective because it fails to describe the premises with adequate specificity.
The Notice to Quit dated December 11, 1998, describes the premises at issue as follows:
 [you are to quit possession and occupancy of the business premises known as 136 Riverside Avenue, Bristol, CT, being the easterly portion of the building located on Lot #118 of the Assessor's Map of the City of Bristol at Page 30. . . .
That description mirrors the one contained in a lease between the parties but the defendants contend that the following language should also have been included: "together with parking available on said site." In addition, they claim Schedule A of "Amendment to Lease" a diagram of the premises and the allotted parking spaces — should have been attached to the notice to quit.
Schedule A, the diagram, is appended to the motion to dismiss and was admitted by plaintiffs in response to a request to admit to be a genuine copy of the Schedule A of Amendment to Lease. The diagram reveals the cafe is not the only occupant of the building located on Lot #118. The cafe is shown to be in the easterly portion of the building and to have its own entry.
At the hearing on the motion to dismiss it was indicated and not disputed that the cafe has its own street address, 136 Riverside Avenue. The diagram also delineates the parking spaces as CT Page 3875 "Reserved for Customers Only".
A defective notice to quit deprives the court of subject matter jurisdiction. Lampanosa v Jacobs, 209 Conn. 724 (1989). An incorrect or incomplete description of the premises in the notice to quit is a defect which destroys subject matter jurisdiction.First City Bank v. Scarritt, No. SPN-960624360-BR (1996) (Beach, J.). The description must be sufficiently precise to apprise the parties and the sheriff of the premises in issue. Street Retail,Inc. v. Tyropolis, No. SPH-96244 (1998) (Beach, J.).
In the circumstances of this case, the description in the notice to quit is not ambiguous. It refers to the "easterly portion of the building" and to the street address and is sufficiently precise to provide notice to the parties and to a sheriff of the premises in issue. The parking spaces are generally allotted "for use by customers" of the cafe. The language "together with parking available on said site"and the diagram designating the premises together with customer parking spaces add little to aid the parties and a sheriff in determining the premises at issue.
The caselaw does suggest and recommend use of a diagram to describe commercial premises where more than one entity occupies a building but it does not compel it; nor does C.G.S 47a-23(b).
Motion to Dismiss is denied.
Tanzer, J.